UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PHILLIP WOODS, CDCR #BG-8263,<br><br>                                Plaintiff,<br><br>vs.<br><br>HEALTH CARE SPECIALTY SERVICES, et al.,<br><br>                                Defendants. | Case No.: 22-cv-1055-MMA (AGS)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

On July 18, 2022, Plaintiff Michael Phillip Woods, a state prisoner proceeding *pro se*, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 in which he claimed he received inadequate medical care for a broken wrist in violation of the Eighth Amendment.  Doc. No. 4 at 3–4.  On September 9, 2022, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP") and screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), under which the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  Doc. No. 8.  The Court dismissed the Complaint with leave to amend because it failed to identify a proper Defendant, as it named only the state prison in which he was incarcerated and Health Care Specialty

1

Services as Defendants, and because it failed to state an Eighth Amendment claim as it did not plausibly allege that any prison official was aware of and deliberately disregarded a substantial risk to Plaintiff's health, or that the treatment he received was chosen in conscious disregard of an excessive risk to his health. *Id*. at 5–10.

On October 31, 2022, Plaintiff filed a First Amended Complaint ("FAC") naming 35 individual Centinela health care workers as Defendants, including eight Doctors, twenty-five Nurses and two Occupational Therapists. Doc. No. 9 at 3. The FAC contained the same allegations as the original Complaint: that Plaintiff's broken wrist was initially misdiagnosed as tendonitis and it was six weeks before a specialist correctly diagnosed it in March 2019 and placed it in a cast, and that his complaints of pain and discomfort were not adequately addressed when it began to hurt again about nine months later. *Id*. at 4–5. On December 5, 2022, the Court dismissed the FAC on screening because it once again failed to include allegations of what any individual Defendant did or failed to do with respect to his requests for medical care, but instead merely attached copies of medical records, prison grievances and Plaintiff's personal journal detailing his treatment with references to only six of the 35 Defendants. Doc. No. 10. Plaintiff's subsequent motion for appointment of counsel was denied on December 12, 2022, and the time to file an SAC was *sua sponte* extended to February 21, 2023. Doc. Nos. 11–12.

Plaintiff filed a Second Amended Complaint ("SAC") on January 30, 2023. Doc. No. 13. The SAC names five Defendants, all doctors, and contains the same allegations as the two prior versions of the complaint, with the addition that Plaintiff had wrist surgery on September 27, 2022. *Id*. at 2–4.

## I. S<small>CREENING PURSUANT TO</small> 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his SAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants

who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

**B.     Allegations in the SAC**

In claim one of the SAC Plaintiff alleges that on January 28, 2019, Defendant Dr. Kyle Seeley diagnosed him with "right wrist tendonitis" but "neglected to treat my injury with urgency by treating my injury with a warm compress. I notified Dr. Kyle Seeley of the extreme pain and discomfort in my right wrist several times giving him knowledge of my complaint of pain and discomfort." Doc. No. 13 at 2. Dr. Seeley referred Plaintiff to a specialist on March 14, 2019, who "diagnosed my right wrist as a 'right wrist lunate fracture and triquetral fracture.'" *Id*. Plaintiff claims Dr. Seeley "knowingly practiced neglect and misconduct causing injury to my person." *Id*.

/ / /

Plaintiff alleges in claim two that:

> On December 9th of 2019, Dr. Ajmel Sangha had knowledge of my complaint of pain in my right wrist and arm. Dr. Ajmel Sangha neglected to treat my injury with urgency causing me to endure extreme pain and discomfort for several years. Upon me notifying Dr. Rogelio Ortega and Dr. Harpreet Gill of the extreme pain and discomfort in my wrist and arm, I was referred to a specialist on January 27th of 2022 to diagnose me with "right wrist carpal tunnel syndrome." Dr. Ajmel Sangha, Dr. Rogelio Ortega, and Dr. Harpeet Gill all had knowledge of my complaint and all parties willing[ly] acted with neglect to treat my injury with urgency, that it caused me to endure extreme pain and discomfort for long periods of time before I receive[d] carpal tunnel relief surgery on September 27th of 2022 to relieve my extreme pain and discomfort.

*Id*. at 3.

Finally, Plaintiff alleges in claim three of the SAC that:

> On July 14th of 2022, Dr. Samuel Ko willing[ly] practiced neglect and misconduct by using a wart removal spray to numb the area for a right shoulder steroid injection causing a second degree burn of my right deltoid region. Dr. Samuel Ko had knowledge of my complaint and then proceeded to diagnose me on July 17th of 2022, of a second degree burn on my right deltoid region injury. Dr. Samuel Ko prescribed me silver sulfadiazine topical to treat a second degree burn of my right deltoid region. Dr. Samuel Ko's acts of neglect and misconduct caused serious injury to my person.

*Id*. at 4.

**C.    Analysis**

Prisoner medical care may amount to cruel and unusual punishment in violation of the Eighth Amendment when medical professionals are "deliberately indifferent" to an inmate's "serious" medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" *Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)).

/ / /

"[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 302–03). "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." *Colwell*, 763 F.3d at 1068. Negligence or malpractice in diagnosing or treating a medical condition does not violate the Eighth Amendment. *Farmer*, 511 U.S. at 835. A prison official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

With respect to the serious medical need prong of an Eighth Amendment claim, the allegations in the SAC that the lack of adequate medical care has resulted in Plaintiff experiencing severe pain and discomfort from January 2019 until his surgery in September 2022, are sufficient to survive the "low threshold" of screening required by 28 U.S.C. §§ 1915(e)(2) & 1915A(b). *Wilhelm*, 680 F.3d at 1123; *Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994) ("[I]ndicia of a 'serious' medical need include (1) the existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, (2) the presence of a medical condition that significantly affects an individual's daily activities, and (3) the existence of chronic or substantial pain."). However, for the following reasons, the SAC once again fails to plausibly allege any Defendant was deliberately indifferent to Plaintiff's serious medical needs.

    1.    *Claim One*

In claim one of the SAC Plaintiff alleges his fractured wrist was negligently misdiagnosed as tendonitis and treated with a warm compress by Dr. Seeley on January 28, 2019, that Plaintiff thereafter notified Dr. Seeley "several times" that he was

experiencing extreme pain and discomfort in his wrist, and Dr. Seeley referred him to a specialist on March 14, 2019, who properly diagnosed him with a wrist fracture. Doc. No. 13 at 2. Plaintiff claims he suffered unnecessary pain and discomfort during that six-week period as a result of Defendant Dr. Seeley's neglect. *Id*.

As Plaintiff was informed in the Court's prior orders of dismissal of his original Complaint and the FAC, the deliberate indifference prong of an Eighth Amendment violation is satisfied only where Plaintiff plausibly alleges that a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. In other words, the Eighth Amendment is violated when a prison official, acting with deliberate indifference, exposed Plaintiff to a sufficiently "substantial risk of serious harm" to his health. *Id*. at 843. Claim one contains an allegation of an initial negligent misdiagnosis of Plaintiff's wrist injury by Defendant Dr. Seeley, six weeks of Plaintiff experiencing pain and discomfort during which he was examined several times by Dr. Seeley before Dr. Seeley referred Plaintiff to a specialist. The alleged negligent misdiagnosis does not rise to the level of an Eighth Amendment violation. *See Farmer*, 511 U.S. at 835 ("[N]egligen(ce) in diagnosing or treating a medical condition" does not amount to deliberate indifference) (quoting *Estelle*, 429 U.S. at 106) (holding that inadvertent failure to provide medical care, mere negligence or medical malpractice and differences of opinion over what medical treatment is proper, do not state an Eighth Amendment claim).

In addition, the allegation of a six-week delay between the allegedly negligent misdiagnosis and the determination that the prescribed treatment was not effective and a specialist consulted also fails to state an Eighth Amendment claim. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment. However, the officials' conduct must constitute 'unnecessary and wanton infliction of pain' before it violates the Eighth Amendment." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citations omitted).

The "unnecessary and wanton infliction of pain" requires a showing of "gratuitous infliction of suffering." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). The six-week period following the misdiagnosis of Plaintiff's wrist injury by Dr. Seeley during which Plaintiff was seen by Dr. Seeley several times and sent to a specialist when the prescribed treatment was determined to be ineffective after six weeks, does not establish deliberate indifference because there are no allegations of a purposeful act or failure to act by Dr. Seeley amounting to the gratuitous infliction of suffering rising to the level of deliberate indifference, as opposed to an erroneous or negligent diagnosis and treatment of Plaintiff's wrist arising at most to medical malpractice. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016) ("A prison official cannot be found liable under the Cruel and Unusual Punishment Clause [of the Eighth Amendment] . . . 'unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'") (quoting *Farmer*, 511 U.S. at 837). Plaintiff has for the third time failed to present factual allegations that Defendant Dr. Seeley, even if he *should* have realized sooner during the six-week period between his diagnosis and referral to a specialist that his diagnosis and treatment of Plaintiff's wrist was incorrect or ineffective, *actually* knew sooner than he did that the course of medical care he was providing was insufficient and a specialist needed to be consulted. Plaintiff has not presented allegations which plausibly suggest Dr. Seeley deliberately disregarded an excessive risk to his health during that six-week period, which included several follow-up examinations in response to Plaintiff's continued complaints of pain and discomfort, as opposed to at most a negligent diagnosis.

Accordingly, claim one of the SAC, alleging an Eighth Amendment violation arising from having a broken wrist misdiagnosed as tendonitis with a resultant six-week delay in having it properly diagnosed and treated by a specialist, is dismissed *sua sponte* for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121. Because it is now clear Plaintiff is unable

to state an Eighth Amendment claim based on the misdiagnosis of his broken wrist and the six-week delay in being referred to a specialist, claim one of the SAC is dismissed without further leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

  2.  *Claim Two*

Claim two of the SAC alleges that after Plaintiff was seen by a specialist in March 2019 and had his wrist diagnosed as broken and placed in a cast, he began suffering pain again in December 2019, but was not referred to a second specialist until January 2022, over two years later, who diagnosed him with carpal tunnel syndrome, and that his pain was not finally relieved until he received carpal tunnel surgery in September 2022. Doc. No. 13 at 3. Plaintiff alleges that: "On December 9th of 2019, Dr. Ajmel Sangha had knowledge of my complaint of pain in my right wrist and arm . . . but neglected to treat my injury with urgency causing me to endure extreme pain and discomfort for several years." *Id*. Plaintiff alleges that "upon notifying" Dr. Ortega and Dr. Gill he was in pain, they referred him to a specialist on January 27, 2022, who diagnosed him with carpal tunnel syndrome. *Id*. He claims these three Defendants "all had knowledge of my complaint and all parties willing[ly] acted with neglect to treat my injury with urgency," which caused him to endure pain until he received surgery on September 27, 2022. *Id*.

The Court has twice notified Plaintiff that deliberate indifference can be shown where the chosen course of medical treatment was "medically unacceptable under the circumstances" and chosen "in conscious disregard of an excessive risk to the prisoner's health." *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). A prison official can be found liable for an Eighth Amendment violation where, knowing of a substantial risk to Plaintiff's health in declining to provide such treatment, deliberately disregarded that risk when choosing the course of treatment which caused substantial harm. *Wood v. Housewright*, 900 F.2d 1332, 1334–35 (9th Cir. 1990).

      The SAC does not set forth facts which plausibly allege any of these three Defendants purposefully ignored or failed to respond to Plaintiff's pain or medical needs, or that the chosen course of medical treatment they provided was "medically unacceptable under the circumstances" and chosen "in conscious disregard of an excessive risk to the prisoner's health." *Toguchi*, 391 F.3d at 1058. Rather, it once again alleges at most that the pain and discomfort he suffered from December 2019 until he was referred to and correctly diagnosed with carpal tunnel syndrome by a specialist in January 2022 and received surgery in September 2022, was caused, not by a conscious disregard to his complaints of pain by Drs. Sangha, Ortega and Gill, but by their alleged negligent failure to properly diagnose and treat his condition. *See Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (deliberate indifference arising from delay in medical care requires showing "the delays occurred to patients with problems so severe that delays would cause significant harm and that Defendants should have known this to be the case"). There are no allegations that these Defendants were aware of facts from which they could have drawn an inference that Plaintiff needed further or different treatment during that period and consciously disregarded a risk to his health. Plaintiff has not plausibly alleged an Eighth Amendment claim. *Id.*; *see also Farmer*, 511 U.S. at 835 ("[N]egligen(ce) in diagnosing or treating a medical condition" does not amount to deliberate indifference) (quoting *Estelle*, 429 U.S. at 106) (holding that inadvertent failure to provide medical care, mere negligence or medical malpractice and differences of opinion over what medical treatment is proper, do not state an Eighth Amendment claim); *see also id.* at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence" and "more than ordinary lack of due care for the prisoner's interests or safety."); *Castro*, 833 F.3d at 1068 ("A prison official cannot be found liable under the [the Eighth Amendment] . . . 'unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'") (quoting *Farmer*, 511 U.S. at 837).

1     Accordingly, claim two of the SAC, alleging an Eighth Amendment violation arising from the medical care Plaintiff received from Defendants Dr. Sangha, Dr. Ortega, and Dr. Gill during the period he was experiencing pain and discomfort from December 2019 until he was diagnosed with carpal tunnel syndrome by a second specialist and received surgery in 2022, is dismissed *sua sponte* for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121. Because it is now clear Plaintiff is unable to state an Eighth Amendment claim based on these allegations, claim two of the SAC is dismissed without further leave to amend. *Rosati*, 791 F.3d at 1039.

    3.    *Claim Three*

    Finally, in claim three of the SAC, Plaintiff alleges Defendant Dr. Ko "willing[ly] practiced neglect and misconduct by using a wart removal spray to numb the area" on his shoulder in order to administer a steroid injection which caused a second degree burn. Doc. No. 13 at 4. Dr. Ko then treated the burn by prescribing Plaintiff a silver sulfadiazine topical ointment. *Id*.

    The Court has twice notified Plaintiff that if he wishes to proceed with an Eighth Amendment claim, he must set forth facts which plausibly allege a Defendant was aware of a substantial risk of serious injury or harm to his health and deliberately disregarded that risk. Claim three merely alleges, once again, that Dr. Ko caused a second-degree burn on Plaintiff's shoulder while administering a steroid injection and prescribed a topical cream to treat the burn. These allegations do not rise to the level of an Eighth Amendment violation. *See Farmer*, 511 U.S. at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence" and "more than ordinary lack of due care for the prisoner's interests or safety."); *Castro*, 833 F.3d at 1068 ("A prison official cannot be found liable under the [the Eighth Amendment] . . . 'unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'") (quoting *Farmer*, 511 U.S. at 837).

Accordingly, claim three of the SAC, alleging an Eighth Amendment violation arising from Dr. Ko's treatment of Plaintiff's shoulder, is dismissed *sua sponte* for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121. Because it is now clear Plaintiff is unable to state an Eighth Amendment claim based on these allegations, claim three of the SAC is dismissed without further leave to amend.[1] *Rosati*, 791 F.3d at 1039.

## II. CONCLUSION

Good cause appearing, the Court **DISMISSES** all claims against all Defendants in the SAC without leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Clerk of Court shall enter a final judgment of dismissal.

**IT IS SO ORDERED**.

Dated: February 17, 2023

HON. MICHAEL M. ANELLO
United States District Judge

---

[1] To the extent Plaintiff has pleaded state law medical malpractice or negligence claims, the Court declines jurisdiction over any state law claims and dismisses them without prejudice to Plaintiff raising them in state court. *See Les Shockley Racing v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 509 (9th Cir.1989) (noting that where a district court dismisses all federal claims leaving only state claims, it "should decline jurisdiction over the state claims and dismiss them without prejudice").